<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GERALD LOVELACE, | Civil No. 11-2916 (RBK) |
| Plaintiff, |  |
| v. | **OPINION** |
| ERIC SHENKUS, et al., |  |
| Defendants. |  |

**APPEARANCES**:

> GERALD LOVELACE, #CL 193452
> Atlantic County Justice Facility
> 5060 Atlantic Avenue
> Mays Landing, NJ  08330

**<u>KUGLER, District Judge</u>**

Plaintiff Gerald Lovelace, a prisoner incarcerated at Atlantic County Justice Facility, seeks to file a Complaint against Public Defender Eric Shenkus, for violation of his constitutional rights, pursuant to 42 U.S.C. § 1983.  Based on Plaintiff's affidavit and prison account statement, this Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915.  As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint.

### I.  BACKGROUND

Plaintiff sues Public Defender Eric Shenkus, who represents Plaintiff in a New Jersey criminal proceeding, for violation of his constitutional rights under 42 U.S.C. § 1983.  He asserts:

> On the date of 04-01 me and Mr. Shenkus were having our interview for status conference, and I explain to him about there was no probable cause to the arrest and I was not guilty of the charges and his exact words were "I believe you did the crime and the police reports shows you having a gun. I don't know why most of you n****** say and claim you are innocent when it's written in black and white. This occurred at the Superior Court interview room.

(Docket Entry #1, p. 4.)  Plaintiff seeks injunctive relief and $100,000 in damages.  (Id. at 5.)

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner sues a government entity or employee, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

Since Iqbal, the Third Circuit has required district courts to conduct a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> To determine the sufficiency of a complaint under the [Iqbal] pleading regime . . . , a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Tp., 629 F. 3d 121, 130 (3d Cir. 2010) (footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff's § 1983 claim against his public defender fails as a matter of law because Eric Shenkus was not acting under color of state law. "Although a private [person] may cause a deprivation of . . . a right, [he] may be subjected to liability under § 1983 only when [he] does so under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)). In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant. See also Vermont v. Brillon, 129 S. Ct. 1283, 1291 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor"); Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Calhoun v. Young, 2008 WL 2944638 (3d Cir. Aug. 1, 2008) (public defender representing criminal defendant is not acting under color of state law). Because the acts and omissions complained of in regard to Shenkus concern the traditional functions of a criminal defense attorney, Shenkus was not acting under color of state law, and the Complaint fails to state a claim under 42 U.S.C. § 1983.[2] Because the named defendant is not subject to suit under § 1983 for alleged violation of Plaintiff's constitutional rights, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.[3]

---

[2] To the extent that Plaintiff seeks injunctive relief for alleged continuing constitutional deprivations regarding his representation in an on-going criminal case, such relief is not available in this Court. See O'Shea v. Littleton, 414 U.S. 488, 496 (1974) (citing Younger v. Harris, 401 U.S. 37 (1971)); Calhoun, 2008 WL 2944638 at n.3.

[3] This Court is mindful that it may not dismiss a complaint without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.


                                                            s/Robert B. Kugler
                                                            **ROBERT B. KUGLER, U.S.D.J.**


Dated:      May 31     , 2011

---

State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  In this case, nothing alleged by Plaintiff insinuates that he could cure the deficiencies in the Complaint by amending it.  Accordingly, this Court will dismiss without granting leave to file an amended complaint.